■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS WASHINGTON, Appellant. [859 NYS2d 432]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered November 30, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.

In this observation sale case, the court improperly precluded defendant from calling a witness to testify that defendant and the alleged buyer were acquaintances (*see People v Gilliam*, 37 NY2d 722 [1975]). Defendant offered this testimony in an effort to suggest an innocent explanation for the interaction that the officer observed. However, we find the error harmless under the standards for constitutional or nonconstitutional error (*see People v Crimmins*, 36 NY2d 230 [1975]). There was overwhelming evidence that the officer observed a drug transaction, and the proffered evidence had very little probative value.

Defendant's sentence, which was the minimum permitted by law for a drug offender with a predicate violent felony conviction, was not unconstitutionally severe (*see Rummel v Estelle*, 445 US 263, 271 [1980]; *People v Broadie*, 37 NY2d 100, 110-111 [1975], *cert denied* 423 US 950 [1975]). Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.